UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

MICHAEL A. REYES REYES       :
                             :
     v.                      :   C.A. No. 16-221S
                             :
PROVIDENCE POLICE            :
DEPARTMENT, et al.           :

**REPORT AND RECOMMENDATION FOR
SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

**Background**

Pending before me for determination is Plaintiff's Application to Proceed In Forma Pauperis ("IFP") (Document No. 2) pursuant to 28 U.S.C. § 1915. On May 16, 2016, Plaintiff Michael A. Reyes Reyes, a Rhode Island resident, filed a pro se Complaint in this Court against the "Rhode Island Providence Police, RITT Cranston[1] and State of Rhode Island." Plaintiff's Complaint was accompanied by an Application to Proceed IFP without being required to prepay costs or fees, including the $400.00 civil case filing fee. After reviewing Plaintiff's Application signed under penalty of perjury, I conclude that Plaintiff is unable to pay fees and costs in this matter and thus, Plaintiff's Application to Proceed IFP (Document No. 2) is GRANTED.

Having granted IFP status, this Court is required by statute to further review the Plaintiff's Complaint sua sponte under 28 U.S.C. § 1915(e)(2) and to dismiss this suit if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against

---

[1] Although not stated by Plaintiff, the Court assumes he is trying to sue the Rhode Island Traffic Tribunal located in Cranston since his Complaint references certain Rhode Island statutory motor vehicle infractions but it is not totally clear.

a defendant who is immune from such relief." For the reasons discussed below, I recommend that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE and with LEAVE TO FILE AN AMENDED COMPLAINT.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an action taken IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(I). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The First Circuit has held that the affirmative defense of the statute of limitations may justify dismissal under Section 1915, see Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991), and other courts have upheld dismissals under Section 1915 because of other affirmative defenses appearing on the face of a complaint. See e.g., Kimble v. Beckner, 806 F.2d 1256, 1257 (5th Cir. 1986).

**Discussion**

I recommend that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). In making this recommendation, I have taken all of the allegations in Plaintiff's Complaint as true and have drawn all reasonable inferences in his favor. Estelle v. Gamble, 429

U.S. 97 (1976). In addition, I have liberally reviewed the Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required.

First, there is an ambiguity as to who Plaintiff is suing in this case. In the case caption, Plaintiff identifies the Defendants as "Rhode Island Providence Police," "RITT Cranston," and "State of Rhode Island." It is unclear if Plaintiff is suing the Rhode Island State Police, the Providence Police or both. He also fails to specifically identify what the "RITT Cranston" is. Thus, it is unclear who Plaintiff actually intends to sue in this case. Pursuant to Local Rule Cv 5(a)(1) and Fed. R. Civ. P. 10(a), the caption of Plaintiff's Complaint "must name all the parties," (emphasis added), and, since it does not clearly do so, Plaintiff's Complaint is procedurally deficient. This deficiency is not a mere technicality and will potentially frustrate and complicate any effort to serve this Complaint on the Defendant(s) because the United States Marshals Service is responsible for effectuating service upon the defendants in an IFP case pursuant to Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d) and needs clear direction in doing so. See also Laurence v. Wall, 551 F.3d 92, 93 (1st Cir. 2008) (holding that District Court must order service by U.S. Marshal if plaintiff is authorized to proceed IFP under 28 U.S.C. § 1915).

Second, Plaintiff's Complaint contains absolutely no facts supporting his claims. He alleges various constitutional violations as well as a statutory claim under RICO. He demands "compensation for damages cause [sic] by the actions and conduct of officer 236." (Document No. 1 at p. 1). Pursuant to Rule 8(a)(2), Fed. R. Civ. Proc., a Complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Plaintiff's Complaint violates

this Rule because it contains absolutely no facts and consists solely of unsupported legal conclusions. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007) (the complaint must contain sufficient facts to state at least a "plausible entitlement to relief").

Finally, under the Eleventh Amendment to the U.S. Constitution, the states have sovereign immunity from suits brought against them for money damages in Federal Court. See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). Here, Plaintiff sues the State of Rhode Island and seeks judgment against the Defendants, including the State, for an unspecified amount of "compensation." Thus, Plaintiff's Complaint is barred by the Eleventh Amendment as to the State. Further, Plaintiff does not allege or identify any potential waiver of sovereign immunity by the State of Rhode Island and, in fact, does not specifically identify the basis for any claims against the State. See Nieves-Marquez v. Puerto Rico, 353 F.3d 108, 124 (1st Cir. 2003) ("No cause of action for damages is stated under 42 U.S.C. § 1983 against a State, its agency, or its officials acting in an official capacity.").

**Conclusion**

For the reasons stated, Plaintiff's Motion to Proceed In Forma Pauperis (Document No. 2) is GRANTED. However, pursuant to 28 U.S.C. §§ 1915(e)(2)(B), I further recommend that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE and with LEAVE TO FILE AN AMENDED COMPLAINT which remedies the pleading deficiencies identified in this Report and Recommendation.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review

by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
May 18, 2016