UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MICHAEL A. REYES REYES    : | |
| : | |
| v.        : | C.A. No. 16-221S |
| : | |
| PROVIDENCE POLICE    : | |
| DEPARTMENT, et al.    : | |

## REPORT AND RECOMMENDATION FOR
## SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)

Lincoln D. Almond, United States Magistrate Judge

Before this Court is Plaintiff's *pro se* Amended Complaint against the Providence Police Department and Rhode Island Traffic Tribunal. On May 18, 2016, this Court issued a Report and Recommendation pursuant to 28 U.S.C. § 1915(e), which granted Plaintiff IFP status and conducted a *sua sponte* review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). (Document No. 3). In that Report and Recommendation, the Court recommended the dismissal of Plaintiff's initial Complaint and granted Plaintiff leave to amend his Complaint in compliance with the Federal Rules of Civil Procedure. The Court outlined the specific pleading deficiencies that required amending.

Plaintiff filed his Amended Complaint on June 6, 2016. (Document No. 4). For the reasons discussed below, this Court recommends that Plaintiff's Amended Complaint be DISMISSED WITH PREJUDICE because it fails to comply with Federal Rules 8 and 10 and because it is "frivolous" and/or "fails to state a claim on which relief may be granted" pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an action filed IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). At the same time, the court need not credit bald assertions or unverifiable conclusions. Ashcroft v. Iqbal, 556 U.S. 662 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (internal quotations omitted). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(I). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

**Discussion**

I recommend that Plaintiff's Amended Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). In making this recommendation, I have taken all of the allegations in Plaintiff's Amended Complaint as true and have drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, I have liberally reviewed the Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Amended Complaint, dismissal is required.

Although Plaintiff's *pro se* Amended Complaint is held to a less stringent standard than one drafted by a lawyer, his *pro se* status does not excuse him from complying with the Court's procedural rules.  See Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 n.4 (1st Cir. 2000).  Although Plaintiff apparently attempted to comply with the Court's requirements for amending his Complaint, the Amended Complaint is vague as to many details, fails to articulate any cognizable federal claims, and fails to specify the alleged involvement of each named Defendant.

The Amended Complaint indicates that Plaintiff was stopped by a Providence Police Officer while driving his vehicle on October 27, 2015 and "illegally issued a summons." (Document No. 4-1 at 3, ¶¶ 2-5). He lists several sections of Rhode Island General Laws that concern Motor Vehicle Offenses and he states that he denies the allegations.  Id. at p. 1.  He then alleges various constitutional violations as well as a statutory claim under RICO.  Id.

The Amended Complaint, like his initial Complaint, is fatally flawed pursuant to Rule 8(a)(2), Fed. R. Civ. Proc., because it does not contain a short and plain statement of the claim showing that the pleader is entitled to relief. The Amended Complaint offers only bald legal conclusions which fail to meet the applicable pleading standard.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007) (the complaint must contain sufficient facts to state at least a "plausible entitlement to relief").  Plaintiff's Amended Complaint also failed to address the Court's warning that his claims, as drafted, are barred by the Eleventh Amendment as to the State.  In short, Plaintiff's Amended Complaint does not contain  factual or legal allegations that state any comprehensible and legally viable claims.

-3-

**Conclusion**

For the reasons stated, pursuant to 28 U.S.C. §§ 1915(e)(2)(B), I recommend that Plaintiff's Amended Complaint be DISMISSED WITH PREJUDICE.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
August 1, 2016